*Morehead & Reed* for plaintiff: *Cates & Lindsey* for defendant.

## Bishops *vs* Gregory.

ERROR TO THE WASHINGTON CIRCUIT.

*Execution sales.    Purchasers.*

JUDGE BRECK delivered the opinion of the Court.

DETINUE.

*Case* 84.

*April* 28.

The case stated.

THIS was an action of detinue, brought by Gregory against Daniel and Solomon Bishop, for twenty nine sheep and five lambs, and two mares and two fillies. The defendants plead *non detinet*, and a verdict and judgment having been rendered for the plaintiff, the defendants have appealed to this Court. The facts, as they appear in the record, are summarily these:

In November, 1840, Daniel Bishop recovered a judgment before a Justice of the Peace, against one Weakly, for $18 51¾ and costs, upon which an execution issued on the same day, and was returned by the officer, *not acted on by order of the plaintiff.*

In July, 1843, a second execution was issued, and levied upon a quantity of corn, as the property of Weakly—Gregory claiming the corn, the officer summoned a jury, who found the corn to be the property of Weakly.

The corn was sold, and Gregory became the purchaser, and executed a sale bond, with Daniel Bishop as his security, for the sum of twenty-five dollars.

In February, 1844, an execution issued upon the sale bond, and was levied upon the property named in the

plaintiff's declaration. The property was sold by the officer, and S. Bishop became the purchaser, at the price of $20.

The testimony conduces to prove, that the purchase was made for Daniel Bishop, who assisted S. Bishop in taking it to the house of the former.

The testimony also conduces to prove that the judgment against Weakly had been paid off, or a portion of it, before the execution issued, under which the corn of Weakly was sold and purchased by Gregory.

The Court, at the instance of the plaintiff, instructed the jury, that if they shall believe from the evidence, that Weakly had paid off the judgment against him before the levy and sale of the corn, and that the Bishops knew it, and with such knowledge had fraudulently caused the *fi. fa.* to be issued on the sale bond, and to be levied on Gregory's property, and caused the same to be sold, and had taken possession under that purchase, they ought to find for the plaintiff.

The defendants moved the Court to instruct the jury, that if they believe from the evidence, S. B. Bishop purchased the property under the *fi. fa.* that issued upon the sale bond, and that the property at the time of sale was Gregory's, they ought to find for the defendants. The Court refused the instruction, but told the jury, that if the judgment was not fully paid off, then the sale passed the title, and they ought to find for the defendants.

It is insisted that in the instructions thus given and refused, the Court below erred.

We are authorized to assume, as there is no evidence to the contrary, that the corn purchased by Gregory under Bishop's execution against Weakly, was Weakly's corn—that Gregory obtained the full benefit of his purchase, and that he was at the time ignorant that the judgment or any portion thereof against Weakly had been previously paid off.

Upon this assumption, even if it were conceded that the judgment had been previously paid off, and that the Bishops knew it, could Gregory be made responsible to Weakly for the corn? We think not. The doctrine is well settled, that a purchaser under execution, issuing

*A purchase under an execution which has been paid off, will acquire a good title to the property, if he be ignorant of the fact that it has been paid off.*

upon an erroneous judgment, is not affected even by its subsequent reversal. Gregory in this case, was not bound, nor presumed to know any thing out of the record in regard to the satisfaction of the judgment. The record contains no evidence of payment. If Weakly could assert no claim against Gregory on account of his purchase, we do not perceive upon what ground Gregory could resist the payment of the sale bond to Bishop. Whether this judgment was or not paid off, is a matter entirely between Weakly and Bishop; Weakly [has made no complaint; he does not seek to disturb the sale. The case of *Chiles* vs *Bernard's executors*, (3 *Dana*, 95,) to which we have been referred, differs materially from this. In that case, the title to the slave purchased by Chiles under the execution, had been transfered by Joshua Bernard, the defendant in the execution, to John Bernard, and the sale and transfer, as between them, was valid, but not valid as against the creditors of Joshua. The judgment, upon which the execution issued, under which the slave was sold, having been previously paid off, the plaintiff was no creditor of Joshua Bernard, and of course the title, which was in John Bernard, was not affected by the sale.

In this case, the property of the defendant in the execution was sold, and we are not aware that it has ever been held in such a case, that a purchaser, without notice, would be affected by the fact that the judgment had been in part, or even wholly paid off, much less that he could avail himself of the fact to escape from liability upon the sale bond. Such a principle would greatly embarrass sales under execution, and would tend injuriously to affect the interests of the debtor as well as the creditor.

Whether, therefore, the judgment of Bishops against Weakly, had or not been discharged before the sale of the corn, was a matter, upon which Gregory could not rely in support of his action, and so far as the instructions are based upon that fact, they were erroneous.

But even if the fact of payment were material, it is not sustained by the testimony. The testimony of Weakly was excepted to, and the exceptions sustained. The resi-

due of the evidence is in our opinion, entirely insufficient to prove that the judgment had been satisfied.

The imputation of fraud on the part of the Bishops, is based exclusively upon the idea, that the judgment had been paid off. Aside from that, there is no evidence which authorized the instruction.

The judgment is reversed, and the cause remanded, that a new trial may be granted, and further proceedings had consistent with the principles of this opinion.

*Hardin* for plaintiffs: *McHenry, and Harlan & Craddock* for defendant.

---

CHANCERY.

*Case* 85.

*April* 30.

The case stated.